IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TAMMY CARLISLE
on behalf of herself and all others
similarly situated,

    Plaintiff,

      v.

GREEN TREE SERVICING, LLC,

    Defendant.

CIVIL ACTION FILE
NO. 1:15-CV-2332-TWT

## OPINION AND ORDER

This is a Telephone Consumer Protection Act case. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 19], which is GRANTED.

### I. Background

The Defendant, Green Tree Servicing, LLC, serviced the loan of an individual named Clarence Carr.[1] On October 29, 2013, during an attempt to reach Mr. Carr by phone, a Green Tree employee manually dialed the phone number ending in "6466."[2] The Plaintiff, Tammy Carlisle, answered the phone, informed the employee that she

---

[1]    Def.'s Statement of Facts ¶ 1.

[2]    Id. ¶ 3.

worked with Mr. Carr, and explained that he was in Atlantic City at a car show.[3] The Defendant made one additional call to the 6466 number on November 4, 2013.[4] Stewart Derrick, one of the Defendant's employees analyzed the notes reflecting the calls placed to the 6466 number.[5] Mr. Derrick determined that the calls were placed manually and not through an automatic dialer.[6] The Plaintiff filed this action based on those calls. She seeks damages under the Telephone Consumer Protection Act ("TCPA"). The Defendant now moves for summary judgment.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[7] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[8] The party seeking summary judgment must first identify grounds to show

---

[3]     Id. ¶ 4.

[4]     Id. ¶ 6.

[5]     Id. ¶ 8.

[6]     Derrick Decl. ¶¶ 19-21.

[7]     FED. R. CIV. P. 56(a).

[8]     Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

the absence of a genuine issue of material fact.[9] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[10] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[11]

### III. Discussion

The Plaintiff brings a claim under the TCPA. "The TCPA prohibits the use of an [Automatic Telephone Dialing System ("ATDS")] to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) . . . to any telephone number assigned to a . . . cellular telephone service."[12] Where the evidence shows that a call was made manually, summary judgment is appropriate for the Defendant because no reasonable jury could conclude that an ATDS made the call.[13] The fact that a company possesses or uses an ATDS is not

---

[9]    Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[10]    Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[11]    Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

[12]    Jenkins v. LL Atlanta, LLC, No. 1:14-cv-2791-WSD, 2016 WL 1029524, at *3 (N.D. Ga. Mar. 9, 2016).

[13]    Norman v. AllianceOne Receivables Mgmt., Inc., 637 F. App'x 214, 216 (7th Cir. 2015).

sufficient to show that the company used the ATDS to call a particular person.[14] Here, the Defendant offers affirmative evidence that the calls to the Plaintiff were made manually, not by an ATDS.[15] The Plaintiff attempts to rebut this evidence, but offers only evidence that the Defendant did possess and use an ATDS in some circumstances.[16] That evidence is insufficient to show that the Defendant used an ATDS to call the Plaintiff. Therefore, the only evidence is that the calls were made manually. The calls, therefore, fail to fall within the category of calls prohibited by the TCPA. The Defendant's motion for summary judgment should be granted.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 19] is GRANTED.

SO ORDERED, this 26 day of July, 2016.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[14]    Id.

[15]    Derrick Decl. ¶¶ 19-21.

[16]    Pl.'s Resp. to Def.'s Statement of Material Facts ¶¶ 9-11.